IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

PAN ZHONG,                            )
                                      )
        Petitioner,                   )
                                      )
v.                                    )        Case No. CIV-26-1324-D
                                      )
CHRIS GANTT, et al.,                  )
                                      )
        Respondents.                  )

## ORDER

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner is a citizen of China who entered the United States in 2022. Petitioner was re-detained by the U.S. Immigration and Customs Enforcement (ICE) on June 1, 2026, and his removal proceedings are ongoing. At the time of filing the Petition, Petitioner was detained at the Cimarron Correctional Facility in Cushing, Oklahoma.

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). Petitioner alleges that he has not received a bond hearing since his re-detention by ICE. Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a).

Respondents assert that § 1225(b)(2)(A) applies to Petitioner's detention, and not § 1226(a). Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *See Santillan*

1

*Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026) ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond).").

In previously construing § 1225(b)(2)(A), the undersigned has repeatedly concluded that the subsection "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control." *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025). This conclusion is in accord with *Santillan Quiroz,* in which the Tenth Circuit held that "§ 1225(b)(2)(A)'s application is limited to the border."[1] --- F.4th ---, 2026 WL 1876709, at *8. Further, this Court has previously declined to find that refusing to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026); *see also Santillan Quiroz*, 2026 WL 1876709, at *7 ("The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.").

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was detained, Petitioner does not fall into the mandatory

---

[1] As noted by the Tenth Circuit, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who, like Santillan Quiroz, are found in the country's interior." *Santillan Quiroz*, 2026 WL 1876709, at *3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), and *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026)); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Malacidze*, 2026 WL 227155, at *3. Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing.[2] *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (directing district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

**IT IS THEREFORE ORDERED** that the Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1] is **GRANTED** in part as set forth herein. Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 22nd day of July, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Given this determination, the Court declines to address Petitioner's remaining claims at this time.